VAL BLATZ BREWING COMPANY, Defendant in Error, v. BOBRECKER BROTHERS, Plaintiffs in Error.

Kansas City Court of Appeals, February 20, 1899.

Contracts: WHERE MADE: TRANSFER OF BILL OF LADING. A vendor of beer at Milwaukee, Wisconsin, sold beer to his customer at Leavenworth, Kansas, and at the latter's request, to avoid the Kansas prohibition law, took a bill of lading in his name and immediately assigned the same to the vendee. Held, a Wisconsin contract which the Missouri courts will enforce, and the *prima facie* conclusion that the vendor retains the *jus disponendi* when the bill of lading is to his order, may be rebutted by proof that such was not the purpose. ·

*Error to the Jackson Circuit Court.*—HON. E. P. · GATES, Judge.

AFFIRMED.

W. J. HOLLIS for plaintiffs in error.

(1) The sale was completed and actual delivery made at Leavenworth, Kansas, in law as well as according to the expressed intention of the parties, as shown by the undisputed

evidence.    Wolfe v. Railway, 97 Mo. 473, 479, 481;
Bergeman v. Railway, 104 Mo. 77; Scharff v. Meyer, 133 Mo.
428, 449, 450; Berger v. State, 50 Ark. 20; Benj. on Sales,
secs. 393, 504; 2 Schouler on Per. Prop., sec. 27 et seq.    (2)
The execution of the bills of lading by the carrier to plaintiff
as consignee and delivery to it, before the order to "deliver to
Bobrecker Bros." was stamped in the one sent to the defend-
ants, made the carrier the agent of plaintiff and shows the
intentions of plaintiff to retain the *jus disponendi*.    Berger
v. State, 50 Ark. 20; Benj. on Sales, secs. 393, 504; 2
Schouler on Per. Prop., sec. 27 et seq.; Benj. on Sales, 567;
Hutch. on Carriers, sec. 130 and cases cited in notes 4 and 5,
among which is Benj. on Sales, book 2, chap. 6.    (3)    The
sale, having been made in the state of Kansas, was void, and
no action could be maintained by plaintiff against defendants
in that state.    Feineman v. Sachs. 33 Kan. 621; Gerlach v.
Skinner, 34 Kan. 86; Distilling Co. v. Mult, 34 Kan. 724.
(4)    "If the contract is void or illegal by the law of the place
where it is made, it is held void and illegal everywhere."
Story's Conflict of Laws, sec. 243 and cases cited.    Brothers
v. Church, 14 R. I. 393; Ins. Co. v. Simons, 52 Mo. App.
357; Waite v. Bartlett, 53 Mo. App. 378; Moore v. Clopton,
22 Ark. 125; McDaniel v. Railway, 24 Iowa 417; Ivey v.
Lalland, 42 Miss. 444; Stix v. Mathews, 63 Mo. 373; 2
Parsons Cont. 586.

F. V. Kander for defendant in error.

(1)    Although the plaintiff may have known of the
intended violation of the prohibition laws of the state of Kan-
sas by defendant and though it may have participated in such
intended violation of those laws, still the contract will be
upheld in Missouri.    Kerwin v. Doran, 29 Mo. App. 397-
409; Curran v. Downs, 3 Mo. App. 468-470.    (2)    The
transaction was a sale completed in Milwaukee and the plain-
tiff was divested of all title to the beer.    Kerwin v. Doran,

29 Mo. App. 397-404. (3) In the case at bar the transfer of the bills of lading, without any reservation, to the defendants by plaintiff, shows the intention of plaintiff to part with title to the property. R. S. Mo. 1889, sec. 744; Bank v. Railroad, 62 Mo. App. 531; Dickson v. Elevator Co., 44 Mo. App. 498-503; Railway v. McLiney, 32 Mo. App. 166-175; Skilling v. Bollman, 73 Mo. 665. (4) There was a complete understanding and agreement between the parties that the beer should be shipped in the manner it was and the bills of lading forwarded to defendants, and this was to be done in the interest and for the benefit of defendant and extraneous evidence is admissible to explain the bill of lading. Scharff v. Meyer, 133 Mo. 428-445.

GILL, J.—This is an action to recover the contract price of two car loads of beer shipped in June, 1896, from plaintiff's brewery at Milwaukee, Wisconsin, to defendants at Leavenworth, Kansas. Defendants admit the purchase of the beer and at the prices charged, but seek to defeat the suit on the ground that such sale was in violation of the prohibitory laws of Kansas and that because thereof plaintiff ought not to maintain the action.

In a trial before the court without a jury, plaintiff had judgment and defendants brought the case here by writ of error.

Both sides concede that the *loci contractus* must determine the validity of the sale. If this was Kansas, the contract is void and non-enforcible; if in Wisconsin, then it was a valid sale and plaintiff should recover. This concession is on the basis of the well known fact, which the evidence shows, that such sales are prohibited by the statutes of the former state, while in the latter they are not. And it is also admitted that if the sale and delivery of the beer was effected and complete in the state of Wisconsin, where the same was lawful, then the action is maintainable in the state

of Missouri. It is thus seen that both parties to this controversy yield to the rules of law in such cases as laid down by this court in Kerwin v. Doran, 29 Mo. App. 397, and the above admissions do much to simplify and shorten the matter for our present determination.

The sole question is, which was the place of contract—Milwaukee, Wisconsin, or Leavenworth, Kansas? The proof shows, that during the several years preceding the sale of the beer in question, defendants, who were liquor dealers in Leavenworth, had purchased from plaintiffs large quantities of beer in car load lots. In order to protect themselves from seizure of the property under the prohibition laws of Kansas the cars were, at defendants' request, uniformly billed by the brewing company at Milwaukee in its name, that is, the bills of lading named the Val Blatz Brewing Company as both consignor and consignee. The brewing company then, and at once, wrote on the face of the bills of lading an order on the railway company to deliver the beer to defendants and forthwith mailed the bill so indorsed to defendants at Leavenworth. Defendants would then receive the bill of lading at or before the arrival of the car load, would present it to the railroad company when the beer arrived and take the same.

The two car loads in question were ordered and shipped in the usual manner. Defendants sent in their orders to plaintiff through its branch office at Kansas City, and plaintiff in due season shipped the beer from CONTRACTS: where Milwaukee to Leavenworth, taking the bills of made: transfer of bill of lading. lading in its own name, and on the face of said bills it was at once written "please deliver to Bobrecker Bros. & Co. signed Val Blatz Brewing Co." These bills of lading were then mailed to defendants, who, as usual, received them and presenting same to the railway company at Leavenworth secured the property.

Under this state of facts, defendants requested the court to declare the law to be, "that if the court finds from the evi-

dence that the beer in question was shipped from Milwaukee, Wisconsin, to Leavenworth, Kansas, by plaintiff, billed to itself, or in its name, and defendants received the same at said Leavenworth, Kansas, then the sale was completed and the delivery made in the state of Kansas." The trial judge refused this instruction, and in effect declared that even though plaintiff did bill the property in its own name, still if this was done under the defendant's instructions, as before stated, merely to protect the defendant's property from seizure by the authorities in Kansas, and that plaintiff did not intend to retain possession and control of the beer as between it and the defendants, then the delivery was at Milwaukee and not Leavenworth.

In our opinion this was a correct view of the law. Undoubtedly if the vendor in shipping goods shall take the bill of lading to himself the presumption maintains that he intends to retain for the time being the *jus disponendi* and control of the property, but this is not conclusive. This *prima facie* case may be overcome by evidence *dehors* the instrument. In Benjamin on Sales (sec. 399) the rule is thus stated: "The fact of making the bill of lading deliverable to the order of the vendor is, *when not rebutted by evidence to the contrary,* almost decisive to show his intention to reserve the *jus disponendi,* and to prevent the property from passing to the vendee. The *prima facie* conclusion that the vendor reserves the *jus disponendi* when the bill of lading is to his order, may be rebutted by proof that in so doing he acted as agent for the vendee, and did not intend to retain control of the property." That the real intent of the parties may be shown by extraneous evidence is recognized by the supreme court in Scharff v. Meyer, 133 Mo. loc. cit. 445.

It is also well settled that a transferee of a bill of lading becomes the owner with full power of disposition; said transfer of the bill stands as an actual change in the possession of the property. Bank v. Railway, 62 Mo. App. 531; Hutchison on Carriers, sec. 129.

So then, in view of these rules of law, if it shall be conceded as found by the court that the bills of lading in question were merely put in this shape as an accomodation to and at the request of the defendants, that the delivery of the beer to the railway company, though consigned in form to plaintiff, was intended as a delivery and shipment to defendants, plaintiffs reserving no control or power of disposition thereof and at once turning over and assigning the bill of lading to defendants, then the sale became complete at Milwaukee the place of shipment and the property at once passed to defendants. In so shipping this property in the name of the vendor said vendor acted as the agent of the vendee. The bills of lading named the plaintiff as consignee because defendant so requested. Plaintiff took the bills in that way and forthwith transferred them to defendants, and they became at once the owner of the property.

The judgment is for the right party and will be affirmed. All concur.